UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMEL DUNCAN,

        Plaintiff,

-against-

THE CITY OF NEW YORK, THE DISTRICT
ATTORNEY OF KINGS COUNTY, and SEVERAL
UNKNOWN POLICE OFFICERS,

        Defendants.
------------------------------------------------------------------x

**NOT FOR PUBLICATION
MEMORANDUM & ORDER**
11-CV-3826 (CBA)(JO)

AMON, Chief United States District Judge.

        Plaintiff Jamel Duncan has filed suit pursuant to 42 U.S.C. § 1983 and state law, based principally on his allegations that he was falsely arrested for assaulting his girlfriend. The defendants have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the defendants' motion is granted and the action is dismissed.

**I.    BACKGROUND**

        In the complaint, Ducan alleges the following facts. On December 3, 2010, Kamisha Houston, Duncan's girlfriend and the mother of his children, was visiting Duncan at his residence. (Compl. ¶ 9, 11.) After a "slight verbal argument," Houston called the police and informed them that Duncan had "hit her with a gun and was holding her against her will." (Id. ¶¶ 9, 12.) Prior to the arrival of the police, Duncan left and went to his aunt's house, which was located nearby. (Id. ¶ 9.) When the police arrived, they "broke the peephole to the Plaintiff's house and searched the entire house for guns." (Id.) When Duncan returned home, he "found a business card from the detective to call him." (Id.) Ten days later, Duncan surrendered himself

1

to the 69th Precinct, where he was arrested and charged with assault. (Id. ¶¶ 9-10.) Duncan was arraigned and released from court later that day. He appeared again in Kings County Criminal Court on February 9 and March 17, 2011, before the charges against him were dismissed and sealed. (Id. ¶ 10.)

## II. STANDARD OF REVIEW

To withstand a motion to dismiss under Rule 12(b)(6) or Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court must accept its factual allegations as true, and must make "all reasonable inferences that can be drawn from those allegations" in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). However, a complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Neither will a complaint that contains only "naked assertion[s]" without "further factual enhancement." Id. at 557.

Iqbal identifies a "two-pronged" approach to determining the sufficiency of a complaint. 129 S. Ct. at 1950. First, courts can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, they can then identify whether the complaint, stripped of its conclusory pleadings, "plausibly give[s] rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. DISCUSSION

### A. § 1983 Malicious Prosecution Claim Against the District Attorney

Duncan purports to assert a malicious prosecution claim against "The District Attorney of Kings County," although the complaint does not contain any allegations related to the prosecutor, other than the fact that Duncan was twice required to appear in court on assault charges that were later dismissed. Duncan made clear in his opposition brief and at oral argument that he means to state this claim against Kings County District Attorney Charles J. Hynes in his personal capacity.

Any such claim must be dismissed. The complaint does not allege any personal involvement on the part of D.A. Hynes, see Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."), and his liability may not be predicated on respondeat superior under § 1983, see Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) ("a supervisory official cannot be held liable under § 1983 on a theory of respondeat superior"). Moreover, based on the bare allegations in Duncan's complaint, any actions taken by the prosecutor would be entitled to absolute immunity. See Shmueli v. City of New York, 424 F.3d 231, 236-39 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.").

Accordingly, the defendants' motion to dismiss the § 1983 malicious prosecution claim against the District Attorney is granted.

B.     **Monell** **Claims Against the City of New York**

Duncan's first, second, and third causes of action seek to hold New York City liable under Monell v. N.Y.C. Dep't of Social Servs., 436 U.S. 658 (1978). In order to sustain a claim for relief under § 1983 against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker." City of Oklahoma v. Turtle, 471 U.S. 808, 823-24 (1985); see Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."). Stated differently, the plaintiff must demonstrate that the municipality was the "moving force" behind the alleged injury. Brown, 520 U.S. at 404.

The first cause of action alleges simply that New York City has a "custom and policy of making illegal and false arrests with excessive force [and] without probable cause." (Compl. ¶15.) The second cause of action alleges that New York City has a "custom and policy of tolerating this particular type of false arrest." (Id. ¶17.) The third cause of action alleges that New York City "through its custom, policy and toleration of this type of police conduct, participated in, and condoned the excessive force used and inflicted on the Plaintiff." (Id. ¶19.)

These boilerplate statements are insufficient to state a claim of municipal liability under Monell. See Missel v. County of Monroe, 351 Fed. App'x 543, 545 (2d Cir. 2009) ("To allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that

4

support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality."); Ricciuti, 941 F.2d at 124 ("[O]ur prior cases suggest that an allegation of municipal policy or custom would be insufficient if wholly conclusory."); Plair v. City of New York, 789 F. Supp. 2d 459, 466 (S.D.N.Y. 2011) ("Plaintiff's allegations of the existence of a policy or custom are conclusory and do not reach the requisite level of plausibility to survive under Twombly and Iqbal."). The cases cited in Duncan's brief, which he claims suggest that bare assertions of an official policy are sufficient to state a Monell claim, all pre-date Twombly and Iqbal and, in any event, do not stand for the proposition that conclusory allegations of the sort presented here are legally sufficient.

Accordingly, the § 1983 claims against the City of New York are dismissed.

### C. § 1983 Claims Against "Unknown Police Officers"

Thus far, Duncan has only named and served the City of New York and the District Attorney of Kings County as defendants. At the pre-motion conference on March 5, 2012, defense counsel stated that she had provided Duncan with the names of the individual officers involved in his arrest on December 1, 2011, but Duncan had nonetheless failed to amend the complaint to reflect the officers' identities. Duncan's counsel gave some indication at that time that he did not intend to amend the complaint. Duncan has since made no request or attempt to amend his complaint to state proper claims against individual NYPD officers. The Court thus deems any such claims withdrawn.

### D. State Law Claims

Duncan's complaint also appears to bring state law claims for assault and battery, intentional infliction of emotional distress, defamation, and slander. Because this Court has

5

already dismissed all the federal claims in this action, it declines to exercise supplemental jurisdiction over Duncan's state law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

**IV.    CONCLUSION**

Accordingly, the defendants' motion for judgment on the pleadings is granted, and the action is dismissed. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated:  Brooklyn, New York
        May 14, 2012

                                                      /s/
                                            Carol Bagley Amon
                                            Chief United States District Judge